**STATE OF GEORGIA, Plaintiff-Appellee,**

v.

**Joe SPENCER, Jr., Defendant-Appellant.**

No. 31118
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 26, 1971.

Stay Denied May 20, 1971.
See 91 S.Ct. 2167.

Certiorari Denied June 21, 1971.
See 91 S.Ct. 2265.

Joseph B. Bergen, Savannah, Ga., for defendant-appellant.

Andrew J. Ryan, Jr., Savannah, Ga., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Joe Spencer, scheduled for trial for murder in the Georgia courts, sought an order from the state trial court requiring the prosecution to produce certain reports and statements for the defendant prior to trial.[1] The motion was denied pursuant to decisions of the Georgia Supreme Court that a defendant is not entitled to such discovery.

Spencer then sought to remove his case to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1443. The district court denied the petition to remove and

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. On appeal the state argues that it allowed defendant to see the prosecutor's files and told him that a detective had statements of witnesses. The prosecutor refused only to furnish copies of the statements in the possession of the police detective. The state also argues that at a preliminary hearing counsel for Spencer cross-examined all government witnesses. Without determining the facts, we take Spencer's allegations as true for purposes of this disposition.

remanded the case to the state trial court. Spencer appeals. We affirm.

Removal is available under 28 U.S.C. § 1443 only when the defendant can claim rights under "any law providing for specific civil rights stated in terms of racial equality"; claims of rights under the constitutional guarantees of free speech and due process will not support removal. Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925.

At best, Spencer can argue only that the state rule denying pre-trial discovery by the defendant denies him due process. His attempt to make out an equal protection argument is wholly without merit.

Where the allegations of the petition for removal, taken as true, do not support removal, there is no right to a hearing for factual development.

The denial of the petition for removal is Affirmed.